FILED
U.S. MAGISTRATE JUDGE

DATE: September 15, 2025

TIME: 10:45 a.m.

SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar No. 8264
SKYLER PEARSON
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: (702) 388-6336
skyler.pearson@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILSON CORNELIO ALEMAN,<br><br>Defendant. | CRIMINAL COMPLAINT<br><br>Case No. 2:25-mj-00680-EJY<br><br>VIOLATIONS:<br><br>Assault by Striking, Beating, or Wounding<br>18 U.S.C. § 113(a)(4)<br><br>Knowingly Giving False Information<br>36 C.F.R. § 2.32(a)(3)<br><br>Operating a Motor Vehicle while<br>Under the Influence of Alcohol or Drugs<br>36 C.F.R.§ 4.23(a)(1)<br><br>Refusal to Submit to a Chemical Test<br>36 C.F.R. § 4.23(c)(2) |

BEFORE the United States Magistrate Judge, Las Vegas, Nevada, the undersigned complainant, being first duly sworn, states that:

### COUNT ONE
Assault by Striking, Beating, or Wounding
(18 U.S.C. §113(a)(4))

On or about September 14, 2025, within the special maritime and territorial jurisdiction of the United States, specifically, within the boundaries of the Lake Mead National Recreation Area, Clark County, Nevada,

**WILSON CORNELIO ALEMAN,**

defendant herein, assaulted a victim L.P.V. by striking her in the head, face, and chest with a closed fist, all in violation of 18 U.S.C. § 113(a)(4).

### COUNT TWO
Knowingly giving false information
(36 C.F.R. § 2.32(a)(3))

On or about September 14, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**WILSON CORNELIO ALEMAN,**

defendant herein, knowingly gave a false or fictitious report or other false information, to an authorized person investigating an accident or violation of the law or regulation, which is prohibited, and in violation of 36 C.F.R § 2.32(a)(3).

### COUNT THREE
Operating a Motor Vehicle while Under the Influence of Alcohol or Drugs
(36 C.F.R. § 4.23(a)(1))

On or about September 14, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**WILSON CORNELIO ALEMAN,**

defendant herein, operated a 2021 Nissan Rogue bearing Nevada registration 625ZWL, under the influence of alcohol to a degree that rendered the defendant incapable of safe operation, in violation of 36 C.F.R. § 4.23(a)(1).

## COUNT FOUR
Refusal to Submit to a Chemical Test
(36 C.F.R. § 4.23(c)(3))

On or about September 14, 2025, in the State and Federal District of Nevada, within the boundaries of the Lake Mead National Recreation Area,

**WILSON CORNELIO ALEMAN,**

defendant herein, refused to submit to a test of his breath as directed by law enforcement officer, in violation of 36 C.F.R. § 4.23(c)(3).

## PROBABLE CAUSE AFFIDAVIT

Your Complainant, Christopher J. Raynolds, as a Park Ranger with the National Park Services, states the following as and for probable cause:

1. I have been employed as a law enforcement officer with the National Park Service in the Lake Mead National Recreation Area, Clark County, Nevada, for over 20 years.

2. As part of my duties, I investigate criminal violations of law on federal land. Through my employment as a Ranger with the National Park Service, I have received specialized training in the enforcement of federal laws. My training and experience have involved, among other things, dealing with disorderly, assaultive and emotionally disturbed individuals, the evaluation of roadside impairment, performing DUI investigations, and the administration of Field Sobriety Tests.

3. The following information used to support this Complaint was derived from reports of information obtained from investigations conducted by law enforcement related to the incident or my own personal investigation.

4. This Complaint contains information necessary to support probable cause to believe that the criminal offenses described herein were committed by the defendant,

1  **WILSON CORNELIO ALEMAN**, and is not intended to include each and every fact and
2  matter observed or known by me. Moreover, to the extent that this Complaint contains
3  statements by witnesses, those statements are set forth only in part and in substance and are
4  intended to accurately convey the information, but not to be verbatim recitations.

## FACTS ESTABLISHING PROBABLE CAUSE

6      5.    On September 14, 2025, National Park Service Ranger George Brecht was on
7  routine patrol within the boundaries of the Lake Mead National Recreation Area, Clark
8  County, Nevada.

9      6.    At about 1:56 PM the Lake Mead Interagency Communication Center
10 broadcasted information regarding a female who was reported to have exited the passenger
11 side of a moving vehicle traveling along Northshore Road near Government Wash. The
12 female later identified as L.P.V. was reported to be injured along the roadside. The vehicle
13 involved was a silver 2021 Nissan Rogue bearing Nevada registration 625ZWL and a
14 witness identified as D.G. reported that the 2021 Nissan Rogue had returned to the scene
15 and the driver of the vehicle was attempting to get L.P.V. back inside. However, L.P.V.
16 refused to go with the driver.

17     7.    At about 2:00 PM Ranger George Brecht observed the silver 2021 Nissan
18 Rogue bearing Nevada registration 625ZWL traveling northbound along Northshore Road
19 passing the intersection for Callville Bay. Ranger Brecht activated the lights and siren on his
20 marked patrol vehicle and attempted to conduct a traffic stop. The vehicle traveled an
21 approximate ½ mile prior to stopping. During that time the vehicle swerved a bit within the
22 lane of travel, appeared slow down then accelerated before slowing down again and pulling
23 over. Upon the vehicle pulling over, Ranger Brecht observed the operator moving around
24 within the vehicle and appeared to be drinking something from small bottle. Ranger Brecht

ordered the individual out of the vehicle and due to what he had observed, and the information gathered to this point regarding the female who had been a passenger in the vehicle, placed him in handcuffs. Ranger Brecht detected a strong odor of an alcoholic beverage on his breath and a slur in his speech. The individual showed some resistance and Ranger Brecht had to forcefully seat him into the rear of the patrol vehicle.

8. National Park Service Ranger Sara Thompson arrived at the scene and assisted Ranger Brecht with a visual check of the Nissan Rogue and observed what appeared to be blood on the passenger side interior door panel and blood on a purse which was located on the passenger side floorboard. Later, when Ranger Thompson conducted an inventory of the vehicle prior to it being towed, she located a clump of brown curly hair on the passenger side floorboard which was later found to match L.P.V.'s hair. Ranger Thompson also observed blood on a picture that was hanging near the screen of the vehicle's infotainment system and observed that the screen on the infotainment system appeared to be cracked. Additionally, there was a bottle of Titos vodka in the trunk of the vehicle that was about half full. Two cellular phones were in the center console. One of the phones belonged to L.P.V. which was later returned to her.

9. Ranger Brecht attempted to identify the driver of the vehicle who stated that his name was "Tony Montana." Ranger Brecht read Miranda Warnings to "Montana" who stated he would not talk to law enforcement without a lawyer. No further questioning occurred. "Montana" was switched into another patrol vehicle to be transported to the Henderson Detention Center. At that time, during a search incident to arrest, National Park Service Ranger Meagen Martin removed the individual's wallet and found that he had a Nevada Driver's license and that his true identity was **WILSON CORNELIO ALEMAN**.

10. At the Henderson Detention Center, Ranger Brecht attempted to administer an intoxilyzer 8000 breath test to **ALEMAN**. After being advised that failure to provide a breath sample would be an additional charge, **ALEMAN** stated that he was refusing to submit to the breath test.

11. National Park Service Ranger Chevy Johnson responded to the scene along Northshore Road where L.P.V. was sitting along the roadway. There were two witnesses to this incident who were identified as A.B., and D.G. Both individuals stated that they observed the Nissan Rogue driving erratically, swerving, and crossing into the oncoming traffic lane. They also observed L.P.V. exit the passenger side of the vehicle while the vehicle was still moving. The witnesses did not know if she fell out or was pushed, but after she exited, the vehicle kept traveling a few hundred feet then turned around and returned. The witnesses observed **WILSON CORNELIO ALEMAN** getting out of the vehicle and attempting to get L.P.V. to come back into the vehicle with him, but she refused. **ALEMAN** stated to the witnesses that he had been drinking, and he had to leave. He got back into the vehicle and drove away. Ranger Johnson spoke to L.P.V. who appeared to have difficulty understanding him. There was a bystander who spoke Spanish and assisted with the communication. L.P.V. stated that she was uncomfortable being around the man, referring to **ALEMAN**, but initially stated that the argument had not been physical.

12. Rangers Brecht and Thompson met with the victim, L.P.V., at the Saint Rose Siena Hospital in Henderson Nevada. An interview was conducted at about 5:00 PM and included an officer from the Henderson Police Department that was fluent in Spanish. L.P.V. was able to communicate in English for most of the interview however she needed interpretation at times. L.P.V. stated that **WILSON CORNELIO ALEMAN** is her ex-boyfriend with whom she shares a child. They met about 8 years ago and were together for

4 years before separating. They have stayed in touch over the last 4 years and were out at Lake Mead today for a remembrance of another child they had between them which passed away due to a miscarriage during pregnancy. L.P.V. stated that she had picked up **ALEMAN** in her car but that he was driving while they were at the lake. While traveling along Northshore Road, **ALEMAN** became violent towards her, which has happened in the past. L.P.V. stated that **ALEMAN** began punching her in the head, face and chest with a closed fist while she was seated in the passenger seat. L.P.V. had cosmetic surgery on her nose earlier this year and stated that it seemed to her that **ALEMAN** was intentionally trying to hit her nose when he was punching her. L.P.V. stated that she tried to use her phone to call 911, but **ALEMAN** would not let her. **ALEMAN** made statements to her such as "You will see what I'll do to you" and "I will kill you." L.P.V. said that when she asked **ALEMAN** to stop hitting her, he stated "I've been drinking, so I can't stop." L.P.V. said she knew she had to get out of the vehicle and tried to put the vehicle in park while they were driving but that did not work. During the interview, L.P.V. did not think that she lost consciousness, but did not remember how she exited the vehicle. She did remember **ALEMAN** having a hold of her hair. Ranger Thompson observed that L.P.V.'s hair was brown and curly like the clump of hair that she found on the passenger side floorboard of the vehicle. L.P.V. stated that she feared **ALEMAN** and was worried that he was going to show up at her house where her child and mother also live. L.P.V. was relieved when Ranger Thompson advised her that **ALEMAN** was currently in custody and would remain in custody for the night. L.P.V. was provided with information on how to obtain a restraining order against **ALEMAN** and contact information for the National Park Service Victim Specialist.

1   13.   L.P.V. was admitted into the hospital. According to the health care provider at the hospital, L.P.V.'s nose was fractured in multiple places along with bruising to her face. She had a scalp laceration and abrasions over a large part of her body, likely due to her exiting the moving vehicle.

## CONCLUSION

14.   Based upon the information set forth in this application, I respectfully submit that there is probable cause to believe that **WILSON CORNELIO ALEMAN** violated 18 U.S.C. § 113(a)(4), and 36 C.F.R. §§ 2.32(a)(3), 4.23(a)(1), and 4.23(c)(2) as described above.

_____
CHRISTOHER RAYNOLDS,
Park Ranger
National Park Service

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone or other reliable electronic means on this  15th  day of September 2025.

_____
HONORABLE ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

8